UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT GLEASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-712-PLR-HBG |
| | ) | |
| FOOD CITY 654, SAM TURNER, and | ) | |
| BUCKY SLAGLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a letter from the *pro se* Plaintiff, which was received by the Court on November 13, 2014. Out of an abundance of caution, the Court will construe the letter as a motion. The Plaintiff appears to present two requests for relief: (1) that the Court consider discovery requests filed in the docket on November 12, 2014, to be timely-filed and (2) that the Court require Defendant's counsel to communicate with Plaintiff in writing or to communicate orally. The Court finds that neither of these requests are well-taken, and they will be **DENIED**.

First, the Court finds that the Plaintiff has failed to demonstrate good cause to find that his purported discovery requests are timely. This case is set to proceed to trial on February 10, 2015. The Scheduling Order directs that all discovery must be completed ninety (90) days prior to trial. Rule 33 of the Federal Rules of Civil Procedure states that a party has thirty (30) days to respond to interrogatories. Fed. R. Civ. P. 33(b)(2). Similarly, a party has thirty (30) days to respond to requests for production. Fed. R. Civ. P. 34(b)(2)(A). Thus, to be timely, any

interrogatories or requests for production in this case should have been filed at least one hundred and twenty (120) days prior to trial. Even assuming that Plaintiff's requests for written discovery was properly served discovery, the Plaintiff's requests for written discovery were not served upon Defendant more than one hundred and twenty (120) days prior to trial, and therefore, they are not timely.

The Plaintiff has failed to show any good cause for his failure to timely serve the requests for written discovery. When the parties appeared before the undersigned telephonically in August 2014, the Court repeatedly advised the Plaintiff that he must abide by the deadlines set in this case. The Memorandum and Order that was entered following the conference stated: "The Court advised the Plaintiff of his duties to comply with the Federal Rules of Civil Procedure and the deadlines set by the Court." [Doc. 15 at 1]. Accordingly, the Court finds that the Plaintiff has not shown good cause for failing to timely serve his discovery requests, and the Court finds no basis for deeming the discovery requests to be timely.

With regard to the Plaintiff's request that the Court direct defense counsel to communicate with Plaintiff in writing or via verbal communication, the Court finds that this request is not well-taken. Email is widely used for day-to-day litigation communication. The Court is mindful that the Plaintiff is a *pro se* litigant. However, he has not demonstrated that he is unable to communicate via email, even if his access to email is limited during some periods of the day. In fact, the Plaintiff's motion indicates that Plaintiff has access to email, but he prefers that, when he deems a matter to be urgent, defense counsel be required to respond immediately. The Court is confident that this case is not the only case on which defense counsel is working, just as this case is not the only task that Plaintiff is dealing with in his life. The Court is certainly not prepared to dictate the terms of communication between the parties.

Accordingly and for the reasons stated above, the Plaintiff's requests, which the Court will treat as a motion for relief **[Doc. 26]**, are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge